IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GUILLERMO RODRIGUEZ (TDCJ No. 1679572), | § § § | |
| Petitioner, | § § | |
| V. | § § | No. 3:15-cv-823-L-BN |
| WILLIAM STEPHENS, Director, Texas Department of Criminal Justice, Correctional Institutions Division, | § § § § § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Guillermo Rodriguez, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated below, the application should be dismissed on limitations grounds pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

**Background**

Through this habeas application, Petitioner appears to be collaterally attacking two convictions – one for aggravated assault, dated March 30, 2010, and one for assault on a public servant, dated February 23, 2010 – from the 40th Judicial District Court of Ellis County. *See State v. Rodriguez*, Nos. 34293-CR; 34294-CR (40th Jud. Dist. Ct. of Ellis Cnty., Tex.); *see also* Dkt. No. 3 at 2. Petitioner states that he received a 35-year sentence for the aggravated assault conviction (No. 34293-CR) and a concurrent 30-year sentence for the assault conviction (No. 34294-CR). *See* Dkt. No. 3 at 2.

His convictions were affirmed by the Thirteenth Court of Appeals on February 3, 2011. *See Rodriguez v. State*, Nos. 13-10-412-CR; 13-10-406-CR (Tex. App. – Corpus Christi, pet. denied); *see also* Dkt. No. 3 at 3. And his petitions for discretionary review ("PDR"), filed March 24, 2011, were denied as untimely on April 26, 2011. *See Rodriguez v. State*, PD-0432-11 (Tex. Crim. App.); *see also* Dkt. No. 3 at 3.

Although it does not affect the timeliness of his federal writ, Petitioner also states that he filed state applications for writs of habeas corpus, but not until September 4, 2012. *See* Dkt. No. 3 at 3-4.

Petitioner declares that he placed the federal habeas application now before the Court in the prison mail on February 23, 2015. *See id.* at 10.

## Legal Standards

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub. L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on

collateral review; or

(D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *See id.* § 2244(d)(2). The AEDPA statute of limitations is also subject to equitable tolling in "rare and exceptional" circumstances. *See Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998).

The Supreme Court has determined that the AEDPA statute of limitations can be overcome by a showing of "actual innocence." *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). The actual innocence gateway, however, is only available to a movant who presents "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Id.* at 1936 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)), that is, new, reliable evidence sufficient to persuade the Court that "'no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt,'" *id.* at 1928 (quoting *Schlup*, 513 U.S. at 329).

Under Rule 4 of the Rules Governing Section 2254 Cases, a district court may summarily dismiss a 28 U.S.C. § 2254 habeas application "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court[.]" *Id.*

This rule differentiates habeas cases from other civil cases with respect

>to *sua sponte* consideration of affirmative defenses. The district court has the power under Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. This power is rooted in "the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer."

*Kiser v. Johnson*, 163 F.3d 326, 328 (5 th Cir. 1999) (quoting 28 U.S.C. foll. § 2254 Rule 4 Advisory Committee Notes). In *Kiser*, clearly applicable here, United States Court of Appeals for the Fifth Circuit held that, "even though the statute of limitations provision of the AEDPA is an affirmative defense rather than jurisdictional, the magistrate judge and district court did not err by raising the defense *sua sponte*." *Id.* at 329 (noting the district court's "decision to do so was consistent with Rule 4 and Rule 11 of the Rules Governing Section 2254 cases, as well as the precedent of this Court").

**Analysis**

Petitioner's convictions became final on March 7, 2011, the last day on which he could have timely filed PDRs with the Court of Criminal Appeals. *See* TEX. R. APP. P. 68.2(a) (a PDR must be filed within 30 days of the judgment or order denying a timely motion for rehearing). His untimely attempts to file PDRs do not affect the finality of his convictions for purposes of the AEDPA's limitations period. *Cf. White v. Thaler*, No. 3:12-cv-2638-B-BK, 2013 WL 363466, at *2 (N.D. Tex. Jan. 2, 2013), *rec. adopted*, 2013 WL 300910 (N.D. Tex. Jan. 25, 2013) ("Because the [Court of Criminal Appeals] denied his request for extension to file PDR, the finality of his convictions is unchanged. Therefore, the one-year limitations period began running on December 27, 2008," the day after the last day on which a timely PDR could have been filed.)

Therefore, the AEDPA's one-year limitations period expired on March 7, 2012.

*See* 28 U.S.C. § 2244(d)(1)(A). And that limitations period was not tolled during the pendency of Petitioner's state habeas petition because, according to Petitioner, his state applications were not filed until September 4, 2012, more than five months after the AEDPA's limitations period expired. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) ("Scott's state habeas application did not toll the limitation period under § 2244(d)(2) because it was not filed until after the period of limitation had expired").

Absent tolling of the limitations period, Petitioner's federal habeas application, filed February 23, 2015, is therefore untimely by almost three years.

Petitioner does not attempt to excuse this delay by arguing it should be equitably tolled. *See* Dkt. No. 3 at 9 (Petitioner fails to offer any explanation under the heading "Timeliness of Petition"). Similarly, he has not come forward with evidence of his innocence to undermine confidence that his trial was free of nonharmless constitutional error. *See Johnson v. Hargett*, 978 F.2d 855, 859-60 (5th Cir. 1992) ("[T]he term 'actual innocence' means *factual*, as opposed to *legal*, innocence – 'legal' innocence, of course, would arise whenever a constitutional violation by itself requires reversal, whereas 'actual' innocence, as the Court stated in *McCleskey [v. Zant*, 499 U.S. 467 (1991)], means that the person did not commit the crime." (footnotes omitted and emphasis in original ); *see also Becerra v. Stephens*, Civil Action No. H–13–2832, 2014 WL 6982239, at *5 (S.D. Tex. Dec. 8, 2014) ("Because Becerra has not come forth with 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial,' his actual innocence allegations do not provide an 'actual innocence' exception to the limitations bar." (citation omitted)).

Therefore, without proof of actual innocence or a basis for equitable or statutory tolling, Petitioner's writ must be dismissed as untimely.

## Recommendation

Petitioner's application for writ of habeas corpus should be summarily dismissed with prejudice because it is barred by limitations.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 20, 2015

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE